MATTER OF S—Y—L—

In DEPORTATION Proceedings

A-15751020

*Decided by Board March 9, 1962*

Place of deportation—Section 243(a) of 1952 act—Republic of China on Formosa as country of nationality.

(1) Alien's claim to being a national of Communist China because of birth on the mainland of China does not preclude deportation to Formosa, the seat of the Nationalist Government of the Republic of China, as country of nationality within step 2 of section 243(a) of the Act. The latter is recognized by the United States as the legal government of China.

(2) Hong Kong was correctly designated as alternative place of deportation within section 243(a)(5) of Act where alien resided there from October 1957 until his departure for United States in 1961.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Remained longer—Nonimmigrant crewman.

## BEFORE THE BOARD

DISCUSSION: The case comes forward on appeal from the order of the special inquiry officer dated January 23, 1962, directing respondent's deportation to Formosa, or in the alternative to Hong Kong, and appealing from the denial of the application for release on bond.

The record relates to a native and citizen of China, 32 years old, male, married, who last entered the United States at the port of Norfolk, Virginia, on or about August 20, 1961, and was admitted as a nonimmigrant crewman authorized to remain in the United States for the period of time his vessel remained in port, not exceeding 29 days. Deportability on the charge stated in the order to show cause is conceded. The alien declined to make any designation of the country to which he preferred to be deported as provided in section 243(a) of the Immigration and Nationality Act. The order of the special inquiry officer directing deportation to Formosa, or in the alternative to Hong Kong, is placed in issue by this appeal.

The respondent testified that he was born in Bo On, Kwangtung Province, China; that he departed in October 1957 for Hong Kong,

where he took up the calling of a crewman; that he began sailing about October 1958 and continued in that calling until his last arrival in the United States on August 20, 1961. He testified that a seaman's book was issued in his name by the Hong Kong authorities on April 11, 1961, but that he does not presently have that book in his possession. He further stated that in connection with his last trip he was engaged as a crewman at Hong Kong, was transported by plane to West Germany and took the vessel which brought him to the United States at Hamburg, Germany. The respondent further testified that when he left his native area for Hong Kong he did not intend to return to his village and that he never lived in any place other than China or Hong Kong. He testified that when he was not actually sailing on vessels, he lived with friends in Hong Kong.

Inasmuch as the respondent has failed to designate any country to which he prefers to be deported, deportation may be ordered pursuant to section 243(a), Immigration and Nationality Act, to any country of which the alien is a subject, national, or citizen if such country is willing to accept him into its territory; thereafter deportation may be directed, without necessarily giving any priority or preference because of their order, to a number of alternate places as set forth in subparagraphs (1) to (7) of section 243(a). A primary purpose of this section of the 1952 Act was to increase the number of places or countries to which an alien under a final order of deportation might be sent—a purpose plainly manifested by the language of the Act itself.[1] The statute was in line with the general Congressional policy of facilitating the deportation of aliens.[2]

It is the contention of counsel that the respondent cannot be deported to Formosa (Taiwan), the seat of the Nationalist Government of the Republic of China, on the theory that the respondent is a national of Communist China. The cases cited by counsel do not appear to be relevant on this point, nor do any of the other cases cited appear to have ruled on the precise point in issue. However, there is language in the cases which is authority for the position taken by the special inquiry officer. Thus, in *Rogers* v. *Cheng Fu Sheng*,[3] the court made the observation that at the present time we recognize the Government of the Republic of China (the Nationalist Government) as the legal government of China, having its capital at Tapei, Taiwan (Formosa). In the case of *United States ex rel. Tom Man* v. *Murff*,[4] the court was dealing with a Chinese person born on the mainland of China and made the assumption that the person involved could not be regarded as a subject, national, or

[1] *Ying* v. *Kennedy*, 292 F.2d 740 (C.A. D.C., 1961).
[2] *Chan Chuen* v. *Esperdy*, 285 F.2d 353 (C.A. 2, 1960).
[3] 280 F.2d 663, footnote 2 (C.A. D.C., 1960), cert. den. 364 U.S. 891.
[4] 264 F.2d 926 (C.A. 2, 1959).

citizen of the Communist Government of China because we do not recognize that as more than a *de facto* government. Thus, in such cases as have given consideration to the issue presented in this case, no difficulty has presented itself in ordering deportation to Formosa, the seat of the Nationalist Government of the Republic of China.[5] We, accordingly, affirm the special inquiry officer's order of deportation to Formosa.

Pursuant to 8 CFR 242.18(c), the special inquiry officer has designated Hong Kong as an alternative place of deportation. Since the respondent's testimony shows that he was issued a seaman's book by the Hong Kong authorities in April 1961 and the evidence establishes residence in Hong Kong since October 1957, the designation of Hong Kong as an alternative place of deportation appears to be warranted under the provisions of section 243(a)(5).

The respondent is a recently arrived alien seaman. In connection with his arrest and deportation proceedings, he was found attempting to escape detention by the immigration authorities by concealing himself in a closet in a restaurant in which he was working. The respondent has indicated that he desires to remain in the United States in order to work. He has no family ties and no place of fixed abode in the United States and the district director is of the opinion that he would be likely to abscond if released on bond. A travel document appears to be available. Upon full consideration of all the circumstances of the case, it is believed that release on bond is not justified.

**ORDER:** It is ordered that the appeal from the decision of the special inquiry officer dated January 23, 1962, and from the order denying release on bond be and the same is hereby dismissed.

[5] *Chi Sheng Liu* v. *Holton*, Civ. No. 1836, D. Hawaii (July 1960), affd. 297 F.2d 740 (C.A. 9, 1961): "The plaintiff is a subject, national, or citizen of the Nationalist Chinese Government and if the Government of Formosa is willing to accept the plaintiff, the deportation order is valid."