MATTER OF MOISE

In Bond Proceedings

A-14859690

*Decided by Board February 21, 1967*

Respondent, who was taken into custody on February 1, 1967, in deportation proceedings, is denied enlargement since there is no reason to believe the proceedings will be unduly delayed or that her deportation cannot and will not be effected with reasonable dispatch upon the conclusion of the proceedings; any delay in the conduct of the deportation proceedings to date is traceable to her actions in requesting postponements thereof; her period of confinement has not been unreasonably prolonged; and further, her unfavorable record, having arrived in the United States on January 21, 1967, with in-transit without visa privileges, conditioned upon her departure on the day of arrival, she instead failed to depart, forthwith accepted employment, and is now making every effort to remain here.

ON BEHALF OF RESPONDENT:
  Claude H. Kleefield, Esquire
  100 West 72nd Street
  New York, New York  10023
  (Brief submitted)

ON BEHALF OF SERVICE:
  Irving A. Appleman
  Appellate Trial Attorney
  (Oral argument)

This case is before us on appeal from a decision of the Deputy District Director at New York dated February 1, 1967, directing that the respondent be detained in the custody of the Immigration and Naturalization Service. The appeal will be dismissed.

The record relates to a divorced female alien, a native and national of Haiti, who is approximately 38 years of age. She last entered the United States on or about January 21, 1967, at which time she was admitted as a nonimmigrant in transit without a visa. She was authorized to remain in the United States in that status until January 21, 1967. She has not departed from this country since that date.

At the time of the respondent's arrival in the United States, she was in possession of a ticket purchased for her by her sister, Suzette Tousaint, on a time payment plan, from a New York City travel agency on January 13, 1967. It called for her to travel from Panama City, Panama, where she had been residing for approximately ten

months, via Miami and New York City, to Paris, France. On her arrival in New York City on January 21, 1967, from Miami, Florida, the respondent took a taxi to her sister's home. She was scheduled to depart for Paris, France, on PAA Flight #114 at 5 p.m. on that same date, but claims that when she returned to Kennedy Airport at 5:30 p.m. via taxi her flight had departed.

Thereafter, the respondent returned to her sister's home where she remained until she accepted employment as a sleep-in domestic. She apparently obtained this position through a newspaper ad. She has exerted no efforts to leave the United States since.

The situation as to the respondent came to light when, on January 31, 1967, National Airlines advised the Immigration and Naturalization Service that she had failed to depart as scheduled; that said airline was in possession of her passport and Form I–94; and that her baggage was believed to have gone on to Paris, France. Subsequent investigation by the Immigration and Naturalization Service brought to light the address of the respondent's sister. An interview with the respondent's brother-in-law and a telephone call to her sister resulted in the respondent being informed that she should report to the local immigration office at 9:30 a.m. on February 1, 1967. She so appeared in the company of an associate of present counsel, whose services she had retained on Monday, January 23, 1967, which was two days after her arrival in New York.

The Service opposes the respondent's release under any conditions. It stresses that she has stated that she will not leave the United States voluntarily. It asserts that valid travel documents for her are readily available, and that arrangements for her removal can and will be made immediately upon receipt of a final order in the deportation proceedings in her case. It indicates that her deportation hearing was originally scheduled for February 2, 1967; that she requested and was granted three (3) postponements; and that the last date set for her hearing was February 14, 1967. It urges that there is no serious question as to the respondent's deportability, and again stresses that she is unwilling to depart from the United States voluntarily, although she has three (3) children in Haiti.

The Service contends that the manner of the respondent's entry into and remaining in this country clearly establish a deliberate intent on her part, from the very outset, to abuse the transit without visa privileges accorded her. It suggests that the facts peculiar to her case, viewed in the light of her sister's case and the case of another identified alien, which we need not here discuss, give ample evidence of the existence of a "pattern of immigration" on the part of Haitian aliens situated similarly to this respondent.

In view of the foregoing, the Service requests that respondent not be released under any conditions. In so doing, it states that respondent can proceed to France, if not to Haiti, because, while her passport does not contain a visa valid for admission into France, advice has been received from the French Consulate that visas are not required for Haitians for entry into France for a stay of up to three months.

Counsel for the respondent contends that the failure of the Service to release the respondent was arbitrary, capricious and abusive of discretion. He asserts that the respondent came to the Immigration Service voluntarily; that she has no criminal record; that she has no previous immigration record; that she voluntarily gave the Immigration Service the name and address of her permanent resident sister, and the telephone number of her employer; and that the respondent's continued detention constitutes punishment rather than justifiable action based on reasonable likelihood that respondent will abscond. Counsel also indicates that there will be a considerable delay in the entry of a final order in the deportation aspects of the respondent's case because of her intention to request temporary withholding of her deportation to Haiti, pursuant to section 243(h) of the Immigration and Nationality Act (8 U.S.C. 1253), for political reasons.

Careful consideration of the entire evidence of record, together with the representations throughout, convinces us that, at this stage of the proceedings, the respondent's enlargement is not warranted. Our reasons follow.

This administrative tribunal is here properly concerned with the length of the respondent's detention, the dispatch with which her case is being handled by the Service, and the iminency of her deportation, inter alia. On this record, any delay in the conduct of the respondent's deportation proceeding to date is traceable solely to her actions in requesting postponements thereof. There appears to be no substantial issue of deportability in the respondent's case, and the Service's assertion that the respondent has stated that she does not intend to leave the United States voluntarily has not been controverted. The issue of temporary withholding of the respondent's deportation to Haiti is not properly before us now, and there is no reason to believe that the decision in this respect will be unduly delayed. The respondent has a valid passport and there is now no reason to doubt that arrangements for her removal from the United States will be made with reasonable dispatch upon the entry of a final order in her deportation proceedings.

Another factor important to our present consideration is that the respondent's record is not favorable. She was admitted to the United States with in-transit without visa privileges, upon condition that she

depart on the day of arrival. Instead of doing so, she forthwith accepted employment and is now making every effort to stay in the United States. Her remaining under these conditions is obviously contrary to the terms of her admission. These facts speak for themselves.

Briefly, by way of summary, at this time there is no reason to believe that the deportation proceedings against the respondent will be unduly delayed, or that the respondent's deportation cannot and will not be effected with reasonable dispatch upon the conclusion thereof. Her period of confinement has not been unreasonably prolonged. And, again, the circumstances surrounding her admission and subsequent failure to depart in accordance with the terms of her admission are not favorable. Accordingly, the decision of the Deputy District Director to deny the respondent's request for enlargement is affirmed.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.