## MATTER OF SAN MARTIN

### In Bond Proceedings

### A–19041533

*Decided by Board December 26, 1974*

Respondent was in custody pursuant to the revocation of bail by the immigration judge at a bond redetermination hearing under 8 CFR 242.2(b) at which respondent was seeking redetermination of the $15,000 bond set by the district director. Respondent then appealed to the Board from the judge's decision. The immigration judge took into consideration the respondent's prior conviction for possession of marijuana; his prior deportation; his reentry after deportation without permission; his prior failure to appear on a charge of possession of cocaine, when under $5,000 bond; that he was then under a $15,000 appearance bond on a criminal charge; and the lack of family ties in the United States. The Board noted that bail had been awarded him in the pending criminal proceedings, and all factors considered held that a $15,000 immigration bond was sufficient to assure his appearance in the deportation proceedings.

ON BEHALF OF RESPONDENT:
Shaya Estrumsa, Esquire
200 S.E. 1st Street, Suite 200
Miami, Florida 33131

ON BEHALF OF SERVICE:
Paul C. Vincent, Esquire
Appellate Trial Attorney

The respondent appeals from the November 15, 1974 decision of the immigration judge, who ordered that the respondent be held without bail. We shall order his release from custody upon the posting of a bond in the amount of $15,000.

The respondent is a married male alien, 32 years of age, a native and citizen of Colombia. His wife and children reside in Colombia, of which country they are citizens. He was previously ordered deported from the United States during 1969 on the charge of overstaying his visa. Prior to deportation the respondent was convicted, by a court in Texas, of the offense of illegal possession of marijuana. The Immigration Service has no record of his readmission to the United States since his deportation in 1969, and has no knowledge of how or when he returned. He was arrested in New York during 1972 and charged with illegal possession of cocaine. The sum of $5,000 was set as bail, by the United States District Court for the Southern District of New York, to assure appearance at those proceedings. The respondent was scheduled to appear in court on December 18, 1972, but failed to appear, and a bench warrant was

167

issued for his arrest. He was apprehended in Miami, Florida during November 1974, and was released upon the posting of $15,000 bail.

The respondent was thereafter arrested by the Immigration and Naturalization Service and charged with deportability for having reentered the United States after deportation without permission. Bond was set at $15,000 by the district director to assure appearance at the immigration proceedings. The respondent sought a redetermination of his custody status pursuant to 8 CFR 242.2(b), moving for release upon his own recognizance, or in the alternative, for reduction of bond. The Government opposed any reduction in the amount of bond. The immigration judge *sua sponte* decided to deny bail entirely. We have decided to reinstate the order to release the respondent from custody upon the posting of bond in the amount of $15,000, as set by the district director.

The immigration judge determined that the factors involved were of sufficient gravity to warrant the respondent's detention without bail, because of the potential threat posed by the respondent to society. The immigration judge considered the gravity of the criminal offense with which the respondent is charged and the lack of ties to bind the respondent to answer to lawful process as factors in his decision. We believe that, notwithstanding the pending criminal charges, the respondent should be released under bond. We are concerned, primarily, with assuring his appearance in the immigration proceedings. Bail has been awarded him in the criminal proceedings.

Counsel contends that when an alien in deportation proceedings must first appear in criminal proceedings, for which bail has been set, the alien should be released on nominal bail, at most, in the immigration proceedings. Counsel cites *Application of Maringolo*, 303 F. Supp. 1389 (S.D.N.Y. 1969), and the Bail Reform Act, 18 U.S.C. 3146, as support for this proposition. The *Maringolo* case, otherwise somewhat similar on the facts, did not involve aliens, such as the respondent, with a deportation record and with a history of nonappearance at proceedings, flight to another jurisdiction, and forfeiture of bond previously posted. With reference to the Bail Reform Act, it provides that various factors should be taken into account, which were taken into account in this case, and of which we shall take account.[1]

We shall deny the respondent's motion for release on his own recognizance and for reduction of bond. There are a number of factors present in this case which require setting substantial bail. The amount of $5,000 bail was insufficient to assure appearance at court proceedings; He has a

---

[1] "In determining which conditions of release will reasonably assure appearance, the judicial officer shall, on the basis of available information, take into account [among other items] . . . family ties . . . his record of convictions, and his record of appearance at court proceedings or of flight to avoid prosecution or failure to appear at court proceedings." 18 U.S.C. 3146.

record of nonappearance at court proceedings; in fact, he left the jurisdiction in which criminal proceedings have been pending. He has a criminal conviction record. He has a history of violation of immigration law. He utilized a surreptitious method to return to the United States after deportation. These facts all evidence disrespect for lawful process. In addition, his lack of close family ties in this country is an important factor. After giving careful consideration to all the above factors, we have concluded that the respondent should be released upon the posting of a $15,000 bond to assure his appearance at immigration proceedings.

ORDER: The appeal from the denial of release under bond is sustained.

*Further order:* The motion for release on own recognizance is denied.

*Further order:* The motion for reduction of the amount of bond to $2,500 is denied.

*Further order:* The respondent shall be released from custody upon posting of a bond in the amount of $15,000.

**Louisa Wilson, Board Member, Concurring:**

I concur in the opinion of the majority which reverses the order of the immigration judge denying bond and authorizes his release on bond.

However, I do not agree with the decision of the majority requiring bond in the amount of $15,000.00. It is my opinion that considering all circumstances of this case, a bond in the amount of $5,000.00 is adequate to assure the respondent's appearance in immigration proceedings.