## MATTER OF PATEL

### In Bond Proceedings

### A–20284161

*Decided by Board May 7, 1976*

(1) Generally, an alien is not and should not be detained or required to post bond except on a finding that he is a threat to the national security, or that he is a poor bail risk.

(2) Where it appeared from the record that respondent was living with his wife and United States citizen child, had worked for the same employer for almost two years and had kept the Immigration and Naturalization Service informed of his address changes; and that respondent had never been arrested or convicted of any crime and had never been involved with narcotics or involved in any subversive or immoral activities, there was no reason to justify holding respondent under even a minimal bond, and respondent was ordered released from custody of his own recognizance.

ON BEHALF OF RESPONDENT:   Samuel D. Myers, Esquire
Freedman, Freedman & Myers, Ltd.
Suite 2812
230 West Monroe Street
Chicago, Illinois 60606

The respondent appeals from the February 18, 1976 decision of the immigration judge in which he granted a reduction in bond from the $1,000 set by the district director to $500. The appeal will be sustained.

The statute provides that, pending a determination of deportability, an alien may, upon warrant of the Attorney General, be arrested and taken into custody. Such alien may then, in the discretion of the Attorney General, be continued in custody, released under not less than $500 bond, or released on conditional parole. Section 242(a), Immigration and Nationality Act. The Attorney General's authority in this regard is delegated to certain designated officials by regulation. 8 CFR 242.2(a).

An alien generally is not and should not be detained or required to post bond except on a finding that he is a threat to the national security, *Carlson* v. *Landon*, 342 U.S. 524 (1952), or that he is a poor bail risk, *Matter of Moise*, 12 I. & N. Dec. 102 (BIA 1967); *Matter of S—Y—L—*, 9 I. & N. Dec. 575 (BIA 1962).

It is not clear from the record why the respondent was arrested. The factors which the immigration judge considers to be adverse and which

in his judgment militate in favor of requiring a bond are that the respondent overstayed his student visa and that the visa petition of which he is the beneficiary was denied because he lacked a labor certification. These factors bear little if any relevance to the issue of whether or not the respondent is likely to appear for his deportation proceeding. Such a broad interpretation of what constitutes an "adverse factor" in this context could result in requiring a bond of almost every alien who is held in deportation proceedings.

In the respondent's favor, it appears from the record that he has never been arrested or convicted of any crime, involved in any subversive or immoral activities, or involved with narcotics. He is living with his wife and United States citizen child, and has been working for the same employer for almost two years; the respondent has kept the Immigration and Naturalization Service informed of his address changes. With regard to the denial of a labor certification, he has filed a suit in federal court.

It appears to us that no reasons have been given to justify holding the respondent under even a minimal bond. Consequently, we shall sustain the appeal and enter the following order.

ORDER: The appeal is sustained, and the respondent shall be released from custody on his own recognizance.