## MATTER OF SPILIOPOULOS

### In Bond Proceedings

### A–21137443

### Decided by Board July 20, 1978

(1) The jurisdiction conferred upon an immigration judge under 8 C.F.R. 242.2(b) to redetermine the custody status of a detained alien includes the authority to increase the amount of bond initially set by the District Director.

(2) An alien should not be detained or required to post bond unless there is a finding that he is a threat to national security or a poor bail risk.

(3) Where respondent, an airlines employee, resided in this country a relatively brief period of time (one year), exhibited a disregard for our laws by beginning to work shortly after he was admitted as a nonimmigrant visitor for pleasure, has a wife and child who are here illegally, and does not have the family ties that would entitle him to reside here permanently at some future date, a bond was appropriate.

(4) Reduction in amount of bond found warranted by Board, where there was a lack of any prior immigration or criminal record or history of nonappearance at court proceedings and respondent has a fixed place of residence.

ON BEHALF OF RESPONDENT:  Ira J. Kurzban, Esquire
Kurzban & Kurzban, P.A.
444 Brickell Avenue, Suite 1101
Miami, Florida 33131

BY: Milhollan, Chairman; Appleman, Maguire, and Farb, Board Members

The respondent has appealed from a June 16, 1978, decision of an immigration judge increasing the amount of bond set by the District Director from $1,000 to $2,500. The appeal will be dismissed in part and sustained in part.

In a supplemental memorandum filed in support of the appeal, the respondent raises a threshold legal issue concerning whether an immigration judge (special inquiry officer) [1] has the authority to increase the amount of bond set by the District Director in the first instance.

Under 8 C.F.R. 242.2(b), a respondent who is in custody pursuant to an order of the District Director or one acting on his behalf may, at any time before a deportation order becomes administratively final, apply to an immigration judge for a redetermination of his custody status. See 8 C.F.R. 242.2(b). This regulation provides *inter alia* that:

---

[1] Under 8 C.F.R. 1.1(l), the terms "immigration judge" and "special inquiry officer" are synonymous.

[A] special inquiry officer may exercise the authority contained in section 242 of the Act to continue or detain a respondent in, or release him from custody, and to determine whether a respondent shall be released under bond, and the amount thereof, if any . . . .

In our opinion, nothing in 8 C.F.R. 242.2(b) precludes an immigration judge from increasing the amount of bond initially set by the District Director where deemed appropriate under the circumstances. To hold otherwise would prevent a full and independent assessment of the necessity for detention and the amount of bond, if any, to insure the presence of the respondent at the deportation hearing. For example, situations may arise where new facts come to light at the bond redetermination hearing that warrant an increase in the amount of bond. Similarly, the immigration judge, as the reviewing authority, may disagree with the District Director with regard to the importance of existing factors. Consequently, we reject the contention advanced by the respondent that the immigration judge lacked the authority to increase the amount of bond initially set by the District Director.[2]

The only other issue [3] to be resolved on appeal is whether bond in the amount of $2,500 is appropriate in this particular case. The following facts appear in the record: the respondent, a native and citizen of Argentina, was admitted to the United States approximately one year ago as a nonimmigrant visitor for pleasure; he is employed by Aviateca Airlines in Miami, Florida, having commenced that employment shortly after being admitted as a nonimmigrant visitor; and he has a wife and child in this country with whom he is residing. According to the immigration judge, the respondent's wife and child are in the United States in violation of our immigration laws. There is no evidence that the respondent has a criminal record, a history of immigration violations, or a record of nonappearance at court proceedings.

[2] The only reported decision in which an immigration judge reversed a custody determination by the District Director, to the alien's detriment, is *Matter of San Martin*, Interim Decision 2340 (BIA 1974). Bond had been set initially at $15,000; the immigration judge ordered that the respondent be held without bond. On appeal to the Board, we held that bond in the amount of $15,000 was sufficient. Although we reversed the determination of the immigration judge in this regard, our decision was based solely on the facts of the case. There was no finding that his more restrictive determination was improper.

[3] The respondent also contends that the order of the immigration judge must be overturned because it was not accompanied by a memorandum setting forth the reasons for the bond redetermination as required by 8 C.F.R. 242.2(b). A memorandum signed by the immigration judge is of record. However, we note that it is dated June 19, 1978, three days after issuance of the Form I-342, ordering that bond be set at $2,500. It is not apparent that the respondent received a copy of the memorandum. In view of the importance of expeditious resolution of custody matters, it appears to us that the memorandum should be issued contemporaneously with the Form I-342. However, we do not find that the respondent was prejudiced by the failure to do so in this case since the issues discussed by the immigration judge have been treated in the memorandum submitted by the respondent with the appeal.

An alien should not be detained or required to post bond pending a determination of deportability unless there is a finding that he is a threat to national security or a poor bail risk. See generally *Matter of Patel*, Interim Decision 2491 (BIA 1976). In determining the necessity for, and the amount of, bond, such factors as a stable employment history, length of residence in the community, the existence of family ties, a record of nonappearance at court proceedings, and previous criminal or immigration law violations are properly considered. See *Matter of Patel, supra; Matter of San Martin,* Interim Decision 2340 (BIA 1974); *Matter of Moise,* 12 I. & N. Dec. 102 (BIA 1967); *Matter of S—Y—L—,* 9 I. & N. Dec. 575 (BIA 1962).

Our review of the record leads us to conclude that bond is necessary in this case and that the respondent should not be released on his own recognizance. He has been in this country a relatively brief period of time and has exhibited a disregard for our laws by beginning to work shortly after his arrival. His wife and child are neither United States citizens nor lawful permanent residents. These are not the family ties that entitle the respondent to reside here permanently at some future date. Compare *Matter of Patel, supra.*

At the same time, we find that the amount of bond set by the immigration judge is excessive under the circumstances of this particular case. The respondent has no prior immigration or criminal record or history of nonappearance at court proceedings and he does appear to have a fixed place of residence, however brief. We are of the opinion that a $1,500 bond is sufficient to insure the respondent's presence at the deportation hearing.

The following orders shall therefore be entered.

ORDER: The appeal from the immigration judge's determination setting bond at $2,500 is sustained.

FURTHER ORDER: The motion to release the respondent on his own recognizance is denied.

FURTHER ORDER: The respondent shall be released from custody under the posting of a bond in the amount of $1,500.