MATTER OF SHAW

IN BOND PROCEEDINGS PURSUANT TO 8 C.F.R. 242.2(b)

A-24021848

*Decided by Board December 14, 1979*

(1) The fact that a respondent is the subject of pending criminal charges and the seriousness of those charges are relevant to an inquiry into the amount of an immigration bond necessary to assure the respondent's presence at future deportation proceedings.

(2) It is inappropriate for the immigration judge to speculate as to the possible rationale for a minimal bond set by a state court in a pending criminal proceeding and to find that the low criminal bond weighs in favor of a larger immigration bond.

(3) The manner of a respondent's entry into the United States is relevant in a bond determination inquiry.

(4) A $5,000 appearance bond was not unwarranted in the case of a respondent who came forward with no evidence of community ties of any nature that would suggest his continuing availability for future immigration proceedings, who was charged with a serious criminal offense involving the possession of firearms, and whose manner of entry into the United States was unknown.

CHARGE:

Order:  Act of 1952—Sec. 241(a)(2) [8 U.S.C. 1251(a)(2)]—Failure to establish entry information as required under section 291 [8 U.S.C. 1361]

ON BEHALF OF RESPONDENT:
Barst & Mukamal, Esquires
127 John Street
New York, New York 10038

ON BEHALF OF SERVICE:
Daniel Meisner
Trial Attorney

BY:  Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

The respondent appeals from the November 23, 1979, decision of the immigration judge ordering the $10,000 bond imposed by the District Director reduced to the amount of $5,000. The respondent seeks further reduction of the bond. The appeal will be dismissed.

The respondent, a 21-year-old native and citizen of Jamaica, came into the custody of the Service following his arrest by New York State

authorities on charges relating to the criminal possession of firearms.[1]

The respondent was released by the state authorities in November 1979 after posting a one dollar bond. He was released into the custody of the Service because an Order to Show Cause had been issued on November 8, 1979. The District Director then set a $10,000 immigration appearance bond. The respondent requested a bond redetermination hearing before the immigration judge.

The immigration judge concluded that a significant bond was necessary in this case to assure the respondent's appearance at future immigration proceedings. He noted in this regard the respondent's minimal ties to the community,[2] the serious nature of the criminal charge, the minimal amount of the criminal bond, and the fact that the sole indication of the respondent's future appearances was a statement that he would appear when called. He reduced the bond to $5,000, however, because the respondent apparently had no prior criminal record.

The respondent appeals, seeking a reduction of the bond from $5,000 to $500 to $1,000. It is submitted that the immigration judge erred in declining to hear testimony regarding the circumstances of the respondent's arrest, in relying on the "seriousness" of the criminal charges in determining the amount of the bond when the state court having jurisdiction over the criminal proceeding ordered the respondent released on a minimal bond, and by speculating that the state court fixed the bond in a minimal amount because of an awareness that the respondent was to be released into Service custody.

We have held that an alien generally should not be detained or required to post bond pending a determination of deportability unless there is a finding that he is a threat to national security or a poor bail risk. *Matter of Patel*, 15 I&N Dec. 666 (BIA 1976). In determining the necessity for and the amount of bond, such factors as a stable employment history, the length of residence in the community, the existence of family ties, a record of nonappearance at court proceedings, and the nature of the respondent's criminal or immigration law history may properly be considered. *See Matter of Patel, supra; Matter of San Martin*, 15 I&N Dec. 167 (BIA 1974); Matter of Moise, 12 I&N Dec. 102 (BIA 1967); *Matter of S-Y-L-*, 9 I&N Dec. 575 (BIA 1962). Moreover,

---

[1] The decision of the immigration judge indicates that the respondent and the four other persons arrested with him were charged with criminal possession of a weapon in the second degree and with possession of stolen property. The record contains no evidence regarding the nature of the charges, however, other than a surety receipt which reflects the offense as being the criminal possession of a weapon in the third degree. The charges apparently stem from the alleged possession of seven handguns and one sawed-off shotgun.

[2] The respondent's sole family tie was apparently a lawful permanent resident uncle.

both the fact that a respondent is the subject of pending criminal charges and the seriousness of those charges are relevant to an inquiry into the amount of an immigration bond necessary to assure a respondent's presence at future deportation proceedings.

On the facts before us, however, we find that the immigration judge placed an undue reliance on the pending criminal charges and the lack of a large criminal bond in setting the significant bond ordered in this case. We find it inappropriate to speculate as to the possible rationale for the one dollar bond set in the criminal proceeding, and we do not agree that the fact that a low criminal bond was set somehow weighs in favor of a larger immigration bond.

Although we disagree with this aspect of the immigration judge's rationale for ordering a significant bond, we do not find that a $5,000 bond is unwarranted under the facts of this case. The respondent has apparently come forward with no evidence below or on appeal as to the length of his residence in the United States. We do not know if it has been a matter of weeks, months, or years. There is nothing of record regarding the respondent's employment history, or even an indication of whether he was employed at the time of his arrest. There is no statement as to where the respondent resided in the country, how long he lived there, or with whom he lived. Other than an indication that he has a lawful permanent resident uncle in this country, there is in fact no evidence at all of community ties of any nature which would suggest his continuing availability for future immigration proceedings. This complete lack of information regarding community ties, when considered with the serious criminal charge pending against the respondent and the fact that it is unknown how or when he entered the United States, warrants the significant bond imposed by the immigration judge.[3]

Accordingly, on the record now before us, we will order the appeal dismissed.

ORDER: The appeal is dismissed.

---

[3] The manner of a respondent's entry is relevant in a bond determination inquiry. For example, a greater bond will ordinarily be warranted in the case of a respondent who entered the United States unlawfully (through evasion of immigration authorities or use of a false identity) than in the case of a respondent, otherwise similarly situated, who has entered this country lawfully using a true identity. When a respondent declines to state the time and manner of his entry, it will not be assumed that he entered lawfully.