MATTER OF DARYOUSH

In Bond Proceedings Pursuant to 8 C.F.R. 242.2(b)

A-3527148

*Decided by Board December 15, 1982*

When an alien who has been released from custody applies to the District Director for amelioration of the conditions of bond pursuant to 8 C.F.R. 242.2(b), the District Director must state the reasons for his decision.

ON BEHALF OF RESPONDENT:   Marilyn E. Park, Esquire
Atlanta Legal Aid Society, Inc.
Dekalb County Regional Office
231 West Ponce De Leon Avenue
Decatur, Georgia 30030

BY:   Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

On September 24, 1982, the District Director denied the respondent's request for a reduction in the amount of bond imposed. The respondent has appealed from that decision. The record will be remanded to the District Director.

The record reflects that the respondent is a native and citizen of Iran who entered the United States as a nonimmigrant student on September 6, 1978. On May 7, 1981, he was charged with deportability for failure to comply with the conditions of his admission, and a bond in the amount of $2,500 was imposed.[1] Deportation proceedings have not yet been completed.

On August 25, 1982, the respondent requested a reduction in the amount of bond paid. The District Director responded in a letter on September 24, 1982, in which he determined that the bond should remain in effect at the same amount. The District Director stated that the respondent's request was denied because it did "not merit the favorable exercise of discretion. . . ."

According to 8 C.F.R. 242.2(b), following the initial determination regarding custody made by the District Director, an application by an alien for release from custody or for amelioration of the conditions of

---

[1] It appears from the record, however, that the respondent was released upon posting bond in the amount of $1,000 on May 8, 1981.

release may be submitted to the immigration judge. However, if the alien has been released from custody, such application must be made to the immigration judge within 7 days. Thereafter, it may only be made to the District Director. *See Matter of Chew*, 18 I&N Dec. 262 (BIA 1982); *Matter.of Sio*, 18 I&N Dec. 176 (BIA 1981); *Matter of Vea*, 18 I&N Dec. 171 (BIA 1981).[2]

8 C.F.R. 242.2(b) further provides that when an immigration judge renders a decision in respect to custody, his determination must be entered on a Form I-342 and be accompanied by a memorandum as to the reasons for the determination. Although the regulation contains no such provision relative to a similar decision by the District Director, we find that it is also necessary for the District Director to state the reasons for his determination. A meaningful review of the decision by the Board is impossible unless the District Director indicates the basis for his conclusions. We therefore conclude that in rendering a determination on an application for amelioration of the conditions of bond pursuant to 8 C.F.R. 242.2(b), the District Director must state the reasons for his decision. Inasmuch as the District Director failed to explain the rationale for his determination in this case, the record will be remanded for the entry of a new decision.[3]

ORDER. The record is remanded to the District Director for the entry of a new decision.

---

[2] When either the immigration judge or the District Director renders a decision on the application, the alien must be notified of his right to appeal the decision. Upon the filing of a notice of appeal, the District Director is required to immediately transmit to the Board all records and information pertaining to the determination from which the appeal has been taken. *See* 8 C.F.R. 242.2(b).

[3] We note in this regard that an alien generally should not be detained or required to post bond unless there is a finding that he is a threat to national security or a poor bail risk. *See Matter of Patel*, 15 I&N Dec. 666 (BIA 1976). A decision regarding the amount of bond to be imposed should be based on an objective evaluation of the factors presented. *See Matter of Patel, supra; Matter of San Martin*, 15 I&N Dec. 167 (BIA 1974); *Matter of Moise*, 12 I&N Dec. 102 (BIA 1967); *Matter of S-Y-L-*, 9 I&N Dec. 575 (BIA 1962). In determining whether or not the respondent's bond should be reduced, the District Director should therefore address himself to the pertinent facts and indicate how they warrant the amount of bond imposed.