## MATTER OF SHUEN

### In Bond Proceedings

### A-24427331

*Decided by Board May 25, 1984*
*Decided by Board September 7, 1984*

(1) A preliminary injunction against enforcement of the amended regulation that revises the procedure for imposing a condition in an alien's appearance-and-delivery bond prohibiting unauthorized employment, 8 C.F.R. §§ 103.6(a)(2)(ii)–(iii) (1984), does not automatically cause the original version of that regulation to be revived.

(2) The Immigration and Naturalization Service may not rely upon a regulation that is no longer in effect to impose a condition in an alien's bond prohibiting unauthorized employment.

ON BEHALF OF RESPONDENT:
George S. Newman, Esquire
Appleton, Newman & Gerson
225 South Meramec Avenue
Suite 824T
St. Louis, Missouri 63105

ON BEHALF OF SERVICE:
Francisco Isgro
David M. Dixon
Appellate Trial
Attorneys

BY: Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

### BEFORE THE BOARD
### (May 25, 1984)

The Immigration and Naturalization Service appeals from the January 20, 1984, decision of an immigration judge which reduced the $5,000 bond set by the district director to $2,500 and removed a condition of bond which barred the respondent from engaging in unauthorized employment. The appeal will be sustained in part and dismissed in part.

The respondent, an adult native and citizen of China, has been charged with deportability under section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2) (1982), as a nonimmigrant who has remained longer than permitted. By order of January 16, 1984, with prior approval of the regional commissioner, the district director, in order to insure respondent's appearance at

future immigration proceedings, set bond at $5,000 and imposed a condition against unauthorized employment.

At a bond redetermination hearing requested by the respondent, the immigration judge concluded that a bond was required in his case. However, he concluded that a reduction in the amount of bond to $2,500 was warranted. The immigration judge further found that the Service was not justified in imposing a condition on the bond which barred the respondent from engaging in unauthorized employment inasmuch as the federal regulation at 8 C.F.R. § 103.6(a)(2)(ii) (1983) had been superseded by a new regulation and the new regulation had recently been enjoined by a district court in *National Center for Immigrants' Rights, Inc.* v. *INS,* No. CV 83-7927 (C.D. Cal. Dec. 16, 1983).

The Service argues in its brief that the immigration judge abused his discretion in reducing the amount of bond and in removing the no-work rider. With regard to the level at which bond should be set, the Service notes that the respondent began unauthorized employment within 2 days after arrival in the United States and has continuously worked in various restaurants throughout Illinois and Missouri without Service permission. The respondent admits that he never paid taxes. When apprehended by Service agents, he denied having employment in the United States, he was living with other undocumented aliens, and he concealed his present address. Respondent's alleged United States citizen brother resides in Illinois but respondent's wife and children reside in China. In light of these negative factors the Service believes a $5,000 bond is justified to ensure his appearance at future immigration proceedings.

The Service further argues that the immigration judge abused his discretion in removing the no-work rider. The Service contends that although the district court in *National Center for Immigrants' Rights, Inc.* v. *INS, supra,* issued a preliminary injunction enjoining the Service from enforcing the amended regulations which became effective on December 7, 1983, the court order does not have the effect of enjoining the Service from enforcing the old regulation as well. Thus, the Service contends that they can automatically revive the old regulation into effect. We do not agree.

On December 7, 1983, the Service revised 8 C.F.R. §§ 103.6(a)(2)(ii)-(iii) (1983).[1] The revisions eliminated the procedures by which regional commissioners were authorized to impose bond conditions

---

[1] The prior regulation did not bar an alien in deportation proceedings from employment unless a regional commissioner of the Service, upon recommendation by a district director, imposed a specific condition of release barring employment.

against employment.[2] *See* 48 Fed. Reg. 51,142 (1983) (codified at 8 C.F.R. §§ 103.6(a)(2) (ii)–(iii) (1984). Thereafter, as noted by the Service, the enforcement of the revised regulation was enjoined by the district court in *National Center for Immigrants' Rights, Inc.* v. *INS, supra.* The district court specifically enjoined the Service from enforcing 8 C.F.R. §§ 103.6(a)(2) (ii)–(iii) and 109.1(b)(8) (1984), which had become effective December 7, 1983. The Service now asks us to apply in the present case the old regulation involving no-work riders on bonds. The amended regulation was submitted as a final rule on November 7, 1983, and became effective on December 7, 1983. Inasmuch as the amended rule was a final rule effective on December 7, 1983, it superseded the prior rule on that date. We note that the Service has not shown any authority for its position that the old regulation has been revived. Thus, the Service's appeal from that part of the immigration judge's decision will be dismissed and no restrictions on the respondent's employment will be imposed.

However, from our review of the record we find that a $5,000 bond is nesessary to insure the respondent's presence at future immigration proceedings. The respondent has been employed without Service permission since his arrival in the United States, has never paid taxes, has given false statements to Service officers, and has changed residences frequently. Although the respondent has a brother residing in the United States, his brother has not appeared before the Service on his behalf. Thus, we find the respondent to be a poor bail risk. *See Matter of Patel,* 15 I&N Dec. 666 (BIA 1976); *Matter of San Martin,* 15 I&N Dec. 167 (BIA 1974); *Matter of Moise,* 12 I&N Dec. 102 (BIA 1967); *Matter of S-Y-L,* 9 I&N Dec. 575 (BIA 1962). The Service's appeal from that part of the immigration judge's decision will accordingly be sustained and the amount of bond raised from $2,500 to $5,000.

**ORDER:** The Immigration and Naturalization Service's appeal from the immigration judge's determination that the Service is not justified in relying on prior regulations, which have since been superseded by new regulations, in imposing a bond condition against employment, is dismissed.

**FURTHER ORDER:** The Immigration and Naturalization Service's appeal from the immigration judge's determination setting bond at $2,500 is sustained, and the amount of bond is increased to $5,000.

---

[2] Under the new regulation, a condition barring employment is included in the bond unless the district director determines that employment is appropriate. The burden is on the alien to establish that the work authorization should be granted.

## BEFORE THE BOARD
### (September 7, 1984)

This matter is before us on the Immigration and Naturalization Service's motion for reconsideration of our order dated May 25, 1984, which sustained in part and reversed in part the immigration judge's redetermination of the respondent's appearance-and-delivery bond. In our previous order we increased the respondent's bond to $5,000 and held that the Service erred in including in the bond a condition that bars the respondent from engaging in unauthorized employment ("no-work rider"). The Service has asked us to reconsider only that portion of our order that pertains to the imposition of the no-work rider. We grant the Service's motion for reconsideration but, for the reasons stated below, we will affirm our original order.

To resolve the questions raised by the no-work rider issue, we must reexamine the pertinent federal regulations and the recent litigation involving those regulations. Prior to November 7, 1983, the Service's regulations codified at 8 C.F.R. §§ 103.6(a)(2) (ii)–(iii) (1983) ("original regulation") permitted district directors to include a no-work rider in appearance-and-delivery bonds only after a regional commissioner had personally determined that imposition of a no-work rider was reasonably justified by the facts of a particular case. *See Matter of Leon-Perez,* 15 I&N Dec. 239 (BIA 1975). On November 7, 1983, the Service published an amendment to the original regulation ("amended regulation") that revised the procedures and standards for imposition of no-work riders in bonds. *See* 48 Fed. Reg. 51,142–44 (1983) (codified at 8 C.F.R. §§ 103.6(a)(2) (ii)–(iii) (1984)). The amended regulation required district directors to include a no-work rider in all appearance-and-delivery bonds unless aliens could show compelling reasons for their employment. *Id.* The amended regulation went into effect on December 7, 1983. *Id.*

On December 16, 1983, in the case of *National Center for Immigrant's Rights, Inc.* v. *INS,* No. CV 83-7927 (C.D. Cal. Dec. 16, 1983), the United States District Court for the Central District of California issued a preliminary injunction enjoining the Service from enforcing the amended regulation and from informing aliens that the amended regulation was in effect. The district court also ordered the Service to strike from aliens' bonds any conditions already imposed pursuant to the amended regulation. The injunction was based, in part, upon the district court's conclusion that the plaintiffs had a fair chance of succeeding in showing that the Service exceeded its statutory authority in imposing no-work riders in appearance-and-delivery bonds. The Service appealed the district

164

court's injunction to the United States Court of Appeals for the Ninth Circuit, challenging both the issuance of the injunction and its apparent nationwide scope. That appeal has not been resolved.

On December 22, 1983, in reaction to the district court's injunction, the Service informed its regional commissioners and district directors to void all no-work riders imposed pursuant to the amended regulation. Subsequently, the Service directed its personnel to comply with the original regulation when issuing no-work riders.

On January 16, 1984, the district director included a no-work rider in the respondent's appearance-and-delivery bond and, as a result, the respondent sought redetermination of the bond in a hearing before the immigration judge. On its face, the respondent's bond does not show which regulation the district director followed in issuing the no-work rider; however, throughout this proceeding the Service has represented that the district director imposed the no-work rider pursuant to the original regulation.

In a decision dated January 20, 1984, the immigration judge concluded that the original regulation had been superseded by the amended regulation. Consequently, he removed the respondent's no-work rider on the ground that it had been imposed pursuant to a regulation that no longer was in effect. The Service appealed the immigration judge's determination. In our order of May 25, 1984, we agreed with the immigration judge that the original regulation is no longer effective law and held that the district director exceeded his authority in imposing a no-work rider pursuant to that regulation.

In urging us to reconsider our order, the Service has argued that the original regulation has been revived and thus is in full force and effect, so long as the amended regulation is the subject of the district court's preliminary injunction. The Service's authority for this position consists of the following: first, a rule of statutory construction that states that when a repealing statute is itself repealed, the original statute is revived in the absence of a contrary legislative intent, see *Applestein* v. *Osborne,* 143 A. 666, 667 (Md. 1928); second, case law that holds that a prior Service policy remains in full force and effect when a superseding policy is found to be null and void, see *Louis* v. *Nelson,* 544 F. Supp. 1004, 1006 (S.D. Fla. 1982), *reversed on other grounds sub nom. Jean* v. *Nelson,* 727 F.2d 957 (11th Cir. 1984).[1]

---

[1] The Service has also included an unpublished decision by the United States District Court for the Western District of Washington, *Kadrija* v. *INS,* No. C84-605R (W.D. Wash. May 16, 1984), in which the court refused to enjoin the imposition of a no-work rider in an alien's bond. This case does not support the Service's argument
*Continued*

The rule of statutory construction cited by the Service is not pertinent to the issues in this case. The issue before us relates to the effect of a preliminary injunction against enforcement of an amending law, not the effect of the agency's repeal of a repealing law.[2] The decision in *Louis* v. *Nelson, supra,* is generally pertinent, for it construes the effect of an injunction against enforcement of a change in policy or a rule of law. The rule of construction when a change in the law is invalidated is as follows: if an amendment is found to be wholly invalid, and is separable from the prior law that it purports to amend, then the prior law remains in full force and effect. *Frost* v. *Corporation Commission of Oklahoma,* 278 U.S. 515, 526–27 (1929); *Truax* v. *Corrigan,* 257 U.S. 312, 342 (1921). However, for the following reasons, we conclude that this rule, and thus the holding of *Louis* v. *Nelson,* does not apply to the situation before us.

First, we do not consider the district court's preliminary injunction to render the amended regulation either invalid or null and void as a matter of law. The district court's order is merely a temporary prohibition against enforcement or implementation of the amended regulation; it is not a final judicial determination that the amended regulation is invalid. Thus, the district court's order is distinguishable from the order in *Louis* v. *Nelson, supra,* in which the court issued a final declaration that a Service policy was invalid and permanently enjoined its implementation.

Moreover, it would appear that the district court's injunction in the present case prohibits enforcement of the amended regulation only against those persons who are the named plaintiffs in that litigation. Under Federal Rule of Civil Procedure 65(d), an injunction binds only "the parties to the action, their officers, agents, servants, employees, and attorneys, and ... those persons in active concert or participation with them who receive actual notice of the order." The record does not reflect that the district court has certified a nationwide class of plaintiffs and, when such is the case, an injunction does not have nationwide effect. *See Gardner* v. *Westinghouse Broadcasting Co.,* 437 U.S. 478, 481 (1978) (an order pertaining to class certification defines the scope of the relief that may be

that the original no-work rider regulation is still in effect. The order in *Kadrija* appears to be based upon the conclusion that the amended regulation is still valid to the extent that it authorizes the inclusion of no-work riders in aliens' bonds.

[2] The Service in its motion for reconsideration has characterized the amended regulation as a "repeal" of the original regulation. We disagree. The stated purpose of the amended regulation was to "revise" the regulations relating to the imposition of bond conditions, and the Service expressly described its action as an amendment. *See* 48 Fed. Reg. 51,142, 51,144 (1983).

granted); *Baxter* v. *Palmigiano*, 425 U.S. 308, 310 n.1 (1976); *Pharo* v. *Smith*, 621 F.2d 656, 664 (5th Cir.), *remanded on other grounds*, 625 F.2d 1226 (5th Cir. 1980); *Davis* v. *Romney*, 490 F.2d 1360, 1366 (3d Cir. 1974) (relief cannot be granted to a class unless an order has been entered certifying the class). Thus, the amended regulation would still appear to be in full force and effect for the respondent and for all other aliens who are not named plaintiffs in the district court litigation.

We note that the Service's position on the actual effect of the district court's injunction has not been made clear. The Service apparently has argued on appeal to the Ninth Circuit that the injunction does not have nationwide effect. In its brief in support of the motion to reconsider, the Service does not clearly state that its position is that this injunction presently has nationwide effect as a matter of law. It would appear that the Service has informed its personnel not to enforce the amended regulation for reasons of policy. A policy decision not to enforce the amended regulation, however, would not render that regulation invalid or void. The amended regulation was duly promulgated and has the full force and effect of law until such time as it is amended or repealed. *See United States* v. *Nixon*, 418 U.S. 683, 694-96 (1974).

Finally, even if we were to assume that the district court's injunction does have the effect of rendering the amended regulation null and void, the Service cannot successfully argue that the original regulation should be deemed revived under the cited rule of statutory construction or case law. One of the district court's bases for enjoining enforcement of the amended regulation is the finding that the plaintiffs have a fair chance of succeeding on their argument that the no-work condition is not in accordance with statutory intent and constitutional requirements because any bond condition imposed must be relevant to the purpose of securing the appearance of the alien at the deportation proceeding. This perceived defect in the amended regulation is shared by the original regulation. Thus, the basis for the invalidity of the amended regulation is not separable from the original regulation. The Service has not cited, nor have we found, any precedent for the premise that a prior law remains in effect when it contains a defect identical to that which renders a superseding law invalid.

The Attorney General has held that the Service may not include no-work riders in aliens' bonds unless the Service does so pursuant to regulation. *Matter of Toscano-Rivas*, 14 I&N Dec. 523, 556-57 (BIA 1972, 1973; A.G. 1974). The district director in the present case sought to impose a no-work rider in the respondent's bond by complying with the original regulation. Inasmuch as that regula-

tion has not been revived and is not effective law, the no-work rider in this case was not properly included in the respondent's bond. *Id.* Accordingly, we affirm our May 25, 1984, decision.

**ORDER:** The motion for reconsideration is granted and our decision of May 25, 1984, is affirmed.