940 F.2d 1535
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Jose Manuel Barrera RODRIGUEZ, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 90-70220.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1991.*
Decided Aug. 5, 1991.
 Before FARRIS, ALARCON and THOMAS G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Manuel Barrera Rodriguez, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal and affirming the Immigration Judge's ("IJ") denial of relief from deportation pursuant to section 212(c) of the Immigration & Nationality Act ("INA"), 8 U.S.C. Sec. 1182(c).[1] We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a and deny Rodriguez's petition for review.
 
 
 3
 Rodriguez contends that the BIA failed to properly weigh the positive and negative factors in determining whether he should be granted 212(c) relief and incorrectly concluded that he had not shown sufficient rehabilitation.
 
 
 4
 We review the BIA's denial of 212(c) relief for an abuse of discretion. See Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987). We will reverse the BIA's decision only if the BIA "fails to support its conclusion with a reasoned explanation based on legitimate concerns." Id.
 
 
 5
 If the alien has been convicted of a serious crime including a "serious drug offense, particularly one related to the trafficking or sale of drugs," the factors favoring a waiver of deportation must be "unusual and outstanding." Matter of Buscemi, Int. Dec. 3058 at 3058 (BIA 1988) (citing Matter of Marin, 16 I & N Dec., 561 at 584-85 (BIA 1978)). Moreover, a finding of outstanding equities does not compel the BIA to a favorable exercise of its discretion. Id.
 
 
 6
 Here, Rodriguez was convicted for the sale of cocaine. The BIA properly recognized the positive and negative factors presented, including family status, rehabilitation, and hardship. The BIA's decision provided a reasoned explanations based on legitimate concerns. See Vargas, 831 F.2d at 908-09. Given these circumstances, the BIA did not abuse its discretion in denying Rodriguez's request for 212(c) relief, and the petition for review must be denied.
 
 
 7
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4. Accordingly, we deny Rodriguez's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 212(c) provides the Attorney General with discretion to waive deportation to lawful permanent resident aliens who have accrued seven years of lawful domicile in the United States. See 8 U.S.C. Sec. 1182(c); Tapia-Acuna v. INS, 640 F.2d 223, 224 (9th Cir.1981)