# MATTER OF ELLIS

## In Bond Proceedings Pursuant To 8 C.F.R. § 242.2(d)

### A–29041047

*Decided by Board March 8, 1993*

In bond proceedings governed by section 242(a)(2)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1252(a)(2)(B) (Supp. III 1991), the alien bears the burden of showing that he is lawfully admitted to the United States, not a threat to the community, and likely to appear before any scheduled hearings. *Matter of De La Cruz,* 20 I&N Dec. 346 (BIA 1991), modified.

ON BEHALF OF RESPONDENT:
Pro se

ON BEHALF OF SERVICE:
William F. McColough
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

The respondent has appealed a decision, dated October 8, 1992, in which the immigration judge ordered that the respondent remain detained in the custody of the Immigration and Naturalization Service. The appeal will be dismissed.

The respondent is a native and citizen of Jamaica. He first entered the United states as a visitor for pleasure in November 1985. The respondent has three children living in the United States. One child lives in Connecticut with an aunt, and the other two children are in New York with their mother. The respondent is not married. The respondent has no parents or siblings residing in the United States. He claims to have worked sporadically in the United States in roofing, painting, and at a carwash.

On July 24, 1991, the respondent pleaded guilty under an alias to possession of narcotics and possession of narcotics with intent to sell. The respondent was convicted under his true name in April 1991 of possession of a pistol in a motor vehicle without a permit, for which he was sentenced to 17 months in prison. In September 1990, the respondent made a false claim regarding lawful permanent resident status during questioning by Service officials in Connecticut.

On June 17, 1992, the Service issued an Order to Show Cause and Notice of Hearing (Form I-22 1) against the respondent, charging him

first with deportability under section 241(a)(2)(B)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2)(B)(i) (Supp. II 1990), in light of his controlled substance conviction. The respondent was also charged under section 241(a)(2)(A)(iii) of the Act, because his conviction constitutes an aggravated felony pursuant to section 101(a)(43) of the Act, 8 U.S.C. § 1101(a)(43) (Supp. II 1990). *See Matter of Barrett*, 20 I&N Dec. 171 (BIA 1990). The district director of the Service determined that the respondent should be detained without bond. The respondent then requested a custody redetermination. The immigration judge denied the respondent's request for a change in custody status. This appeal followed.

In his Notice of Appeal (Form EOIR-26), the respondent requests that he be granted a bond determination. In standard bond proceedings under section 242(a)(1) of the Act, 8 U.S.C. § 1252(a)(1) (1988), an alien, whom the Service in its discretion has arrested and taken into custody, generally should not be detained or required to post bond pending a determination of deportability except on a finding that he is a threat to the national security or is a poor bail risk. *Matter of Patel*, 15 I&N Dec. 666 (BIA 1976). Since he is an alien convicted of an aggravated felony, the respondent's request for a bond redetermination hearing is governed by section 242(a)(2) of the Act, 8 U.S.C. § 1252(a)(2) (Supp. III 1991).

Section 242(a)(2)(A) of the Act states that the Attorney General "shall take into custody" any alien convicted of an aggravated felony and, subject to section 242(a)(2)(B), "shall not release" such felon from custody. Section 242(a)(2)(B) of the Act currently provides:

> The Attorney General may not release from custody any lawfully admitted alien who has been convicted of an aggravated felony, either before or after a determination of deportability, unless the alien demonstrates to the satisfaction of the Attorney General that such alien is not a threat to the community and that the alien is likely to appear before any scheduled hearings.

Formerly, section 242(a)(2)(B) of the Act, 8 U.S.C. § 1252(a)(2)(B) (Supp. II 1990), required that the alien hold lawful permanent resident status, as opposed to having been lawfully admitted to the United States.[1] This revision was brought about by section 306(a)(4) of the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991, Pub. L. No. 102-232, 105 Stat. 1733, 1751. *See* H.R. Rep. No. 383, 102d Cong., 1st Sess. 7, *reprinted in* 1991 U.S.C.C.A.N.

---

[1] Section 242(a)(2)(B) of the Act, as formerly written, provided:
The Attorney General shall release from custody an alien who is lawfully admitted for permanent residence on bond or such other conditions as the Attorney General may prescribe if the Attorney General determines that the alien is not a threat to the community and that the alien is likely to appear before any scheduled hearings.

1372, 1378. Prior to this amendment, we had interpreted the language of section 242(a)(2)(B) in *Matter of De La Cruz*, 20 I&N Dec. 346 (BIA 1991). In *Matter of De La Cruz* we held that the statutory scheme and language of section 242(a)(2)(B) created a presumption against the release from Service custody of any alien convicted of an aggravated felony unless the alien demonstrated that he was an alien lawfully admitted for permanent residence, not a threat to the community, and likely to appear for any scheduled hearings.[2] *Matter of De La Cruz* is hereby modified to the extent necessary to comport with the revised statutory language of section 242(a)(2)(B) of the Act. Specifically, we hold that the alien bears the burden of showing that he was lawfully admitted to the United States, that he is not a threat to the community, and that he is likely to appear before any scheduled hearings.

Here, the immigration judge stated in his decision that the respondent is not statutorily eligible for any form of relief from deportation, which is a factor that contributes to the likelihood that the respondent will not appear for his deportation hearing. *See, e.g., Matter of Andrade*, 19 I&N Dec. 488, 490 (BIA 1987). Further, the immigration judge found that the respondent's serious criminal history rendered him a threat to the community. The respondent failed to rebut these findings. Accordingly, the appeal will be dismissed.

**ORDER:**     The appeal is dismissed.

---

[2]This interpretation is reinforced by the revised statutory language of section 242(a)(2)(B) of the Act, which now states that the Attorney General is prohibited from releasing a lawfully admitted alien convicted of an aggravated felony "unless the alien demonstrates" that he is neither a threat to the community nor a poor bail risk. This language more clearly reflects that the alien has the burden of going forward to establish his eligibility for release from custody than did the former language, which stated that the Attorney General "shall" conditionally release an alien if he determines that the alien is not a threat to the community and not a poor bail risk.