MATTER OF FWU

In Deportation Proceedings

A-15174527

*Decided by Board March 26, 1980*

(1) Diplomatic recognition of the Peoples Republic of China, and acknowledgment of the status of Taiwan as part of the Peoples Republic does not mean that deportation to Taiwan is the equivalent of deportation to the Peoples Republic, given the distinct self-government and society of Taiwan. *Matter of Cheung,* 16 I&N Dec. 690 (BIA 1979) clarified.

(2) Alien's claim that he would suffer persecution in Taiwan because it is now recognized as part of the Peoples Republic of China is rejected.

(3) Where the Service does not intend in any case to deport an alien to the Peoples Republic of China, and the alien intends to submit an application for withholding of deportation under section 243(h) of the Act, no useful purpose would be served in remanding a case to have the Peoples Republic of China designated as the alien's country of nationality under section 243(a) of the Immigration and Nationality Act.

(4) Where neither the Service's nor the alien's intentions are clear in regard to the effect of designation of the Peoples Republic of China as the Step Two country of deportation, the record will be remanded to the immigration judge.

(5) If, upon remand to consider the designation of the Peoples Republic of China it transpires that this country must be designated, and the respondent states for the record his intention to submit an application for asylum, then the Service should state whether it intends to deport the alien there, and if it states that it does not, then the immigration judge should designate a place of deportation set forth in section 243(a)(1) through (7) of the Act.

CHARGE:

Order:   Act of 1952—Section 241(a)(2) [8 U.S.C.1251(a)(2)]—Nonimmigrant
—remained longer than permitted

ON BEHALF OF RESPONDENT:   David C. Buxbaum, P.C.
11 Broadway—Suite 1612
New York, New York   10004

BY:  Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

In a decision dated November 1, 1978, the respondent was found deportable by the immigration judge and was granted voluntary departure. His application for withholding of deportation under sec-

tion 243(h) of the Immigration and Nationality Act, 8 U.S.C. 1253(h), was denied. The respondent appeals from this decision. The record will be remanded to the immigration judge.

The respondent is a 45-year-old native of the Peoples Republic of China, born on Ta Chen Island, Chekiang Province. In 1955, he, along with the other inhabitants of that island, was evacuated to Taiwan. He resided there until July 1974. In January 1975, he was admitted as a crewman, authorized to remain for 29 days. He remained beyond that time. At the deportation hearing before the immigration judge, with benefit of counsel, the respondent admitted all of the allegations of the Order to Show Cause and conceded deportability on the charge under section 241(a)(2) of the Act. He also submitted an application for withholding of deportation under section 243(h) of the Act. He did not specify in his application from which country he wished deportation withheld, but presented testimony regarding the Peoples Republic of China. He testified that he would suffer political persecution within the meaning of section 243(h) as a result of his opposition to communism, and the fact that he had fled from the island of his birth to Taiwan. The immigration judge concluded that the respondent's application was defective because the Service did not intend to deport the respondent to the Peoples Republic of China, but to Taiwan as his country of citizenship. He denied the application on this ground. He also found that the respondent's related claim that the Government was estopped from deporting the respondent was without basis. This claim is based on the fact that the respondent was apparently evacuated from his island by the United States Seventh Fleet in 1955, and claims to have been promised along with the other evacuees that he could go to the United States as a refugee. The respondent presented no proof that such a promise had been made, nor did he show any legal obligation to him on the part of the Government because of its role in the evacuation. On the other hand, the Service introduced into evidence a letter from the Department of State in which it was stated that no special provision had been made for the evacuees. The immigration judge therefore concluded that the respondent had no claim to refugee status.

On appeal, the respondent claims that he would suffer persecution in Taiwan because it is now recognized as part of the Peoples Republic of China. He also continues his claim to estoppel. In the case of the estoppel claim, we agree with the immigration judge that the respondent has not presented any proof of entitlement to refugee status as a result of the events that occurred in 1955.

We also reject the assertion that deportation to Taiwan is equivalent to deportation to the Peoples Republic of China. In *Matter of Cheung*, 16 I&N Dec. 690 (BIA 1979), we stated that the "United States acknowl-

edges "Peking's position that there is but one China and that Taiwan is part of China". We did not find that deportation to Taiwan is the equivalent of deportation to the Peoples Republic. The diplomatic acknowledgment of the status of Taiwan as part of the Peoples Republic has not affected the fact that Taiwan continues to maintain a system of self-government and society distinct from that of the Peoples Republic. The respondent has presented no evidence that his removal to Taiwan would subject him to persecution by the Peoples Republic of China or by the government of Taiwan. There is thus no basis for his claim of persecution under section 243(h) of the Act.

There is, however, another aspect of this case which has not been directly addressed by the respondent. This is the effect that *Cheung*, id. has on the designation of the country of deportation. We held there that if an alien does not designate a country of deportation, deportation shall first be directed to any country of which the alien is a subject national or citizen, if the country is willing to accept him. We further held that if this cannot be arranged, "then deportation may be directed without necessarily giving any priority or preference because of their order, to any one of seven categories of countries." We consequently remanded the case to the immigration judge in light of the fact that the United States Government had recognized that there was but one China. Although it was never expressly stated in that decision, the underlying premise is clearly that an alien born in the Peoples Republic of China enjoys the right under Step Two of section 243(a) of the Act to have the Peoples Republic designated as the country of deportation.

A question that was left unresolved by *Cheung*, id. was whether the fact that an alien is a citizen of the Peoples Republic of China requires that this country be designated in all circumstances. The importance of this question is heightened where an alien in deportation proceedings has indicated that he may fear return to the Peoples Republic. There does not appear to be any useful purpose served by remanding a case to have the Peoples Republic of China designated if the Service does not intend in any case to deport the alien to that country, and the alien intends to present a claim for withholding of deportation to the Peoples Republic if the country is designated. In this particular instance, the question is complicated by the fact that the record is silent on both possibilities. We do not know the intentions of either the Service or the respondent. We therefore will reopen the proceedings so that the immigration judge may determine the country of the respondent's citizenship in light of recent events as expressed in *Cheung*. If it transpires that the Peoples Republic of China must be designated under section 243(a) of the Act, then the respondent should state for the record whether or not he intends to submit an application for withholding or asylum based on this designation. If he states this

356

intention, then the Service should state in turn whether or not it intends to deport the respondent to the Peoples Republic of China. If it does not intend to seek such deportation, then the immigration judge should designate a place of deportation as specified in section 243(a)(1) through (7) of the Act. This procedure appears to us to meet the twin purposes of preventing deportation to a country where the alien may suffer persecution, and allowing the Government to deport aliens illegally in the United States to a place contained in the Congressional formulation set forth in section 243 of the Act. The record will accordingly be remanded to the immigration judge.

ORDER: The record is remanded to the immigration judge for further proceedings consistent with the foregoing opinion.