## MATTER OF VEA

### In Bond Proceedings

### A-21314945

*Decided by Board November 4, 1981*

(1) After an initial custody determination has been made by a District Director or other specified officer of the Immigration and Naturalization Service authorized to issue a warrant of arrest, an alien may apply to the foregoing officials for release or amelioration of the conditions of release. 8 C.F.R. 242.2(a).

(2) Once service of a warrant of arrest or determination of any application pertaining thereto has been made by a District Director or other specified Service officer, the alien may apply to an immigration judge for change in custody status at any time before a deportation order becomes administratively final, but if an alien is released from custody, such application must be made to an immigration judge within 7 days from the date of release; thereafter, the application can only be made to a District Director. 8 C.F.R. 242.2(a) and (b).

(3) Direct appeal to the Board of Immigration Appeals from a custody determination of a District Director or other-designated Service officer is authorized only after a deportation order becomes administratively final or where recourse to an immigration judge is no longer available because of the expiration of the 7-day period. 8 C.F.R. 242.2(a) and (b).

(4) Where the respondent was still in detention at the time he applied for a change in custody status and no final order of deportation had yet been entered in his case, his application was properly considered by an immigration judge; his recourse thereafter lay in an appeal to the Board, filed within 5 days of the date written notification of the immigration judge's determination is served upon the parties, and not in a request for amelioration to a District Director. 8 C.F.R. 242.2(b).

ON BEHALF OF RESPONDENT: William F. Thompson, III, Esquire
1221 Kapiolani Boulevard
Penthouse Suite
Honolulu, Hawaii 96814

BY: Milhollan, Chairman; Maniatis, Maguire, Morris, and Vacca, Board Members

In a decision dated August 26, 1981, an immigration judge reduced from $2,500 to $2,000 the amount of bond initially set by the District Director but left in effect a condition of that bond which bars the respondent from engaging in unauthorized employment.[1] On October 6, 1981,

---

[1] The immigration judge's decision was properly entered on Form I-342 and served on

the respondent, who was released from Service custody on August 27, 1981, upon posting bond, filed a notice of appeal to the Board, seeking further amelioration of the conditions of his custody status through release on his own recognizance and cancellation of the "no work" rider.

The respondent is a 27-year-old native and citizen of Tonga who was admitted to the United States in November 1980 as a nonimmigrant visitor for pleasure. He admittedly remained longer than authorized and at a deportation hearing conducted on September 16, 1981, was found deportable as an overstayed nonimmigrant on the basis of his concessions. The immigration judge granted the respondent voluntary departure to January 16, 1982, with an alternative order of deportation to Tonga in the event he fails to voluntarily depart by that date. The respondent waived his right to an appeal from that decision.

On September 16, 1981, the day the immigration judge rendered his decision on deportability, the respondent through counsel directed a letter to the District Director requesting amelioration of the conditions of the appearance bond outstanding against him. Two days later, the District Director, noting that the immigration judge had already acted on the respondent's bond redetermination request on August 26, 1981, responded that any appeal from the immigration judge's determination must be filed with the Board pursuant to 8 C.F.R. 242.2(b). The respondent thereupon sought a redetermination hearing before the immigration judge. In a decision dated September 25, 1981, the immigration judge concluded that he lacked jurisdiction to consider the respondent's request for a change in custody status, basing his conclusion on the following provision within 8 C.F.R. 242.2(b):

> . . . if the respondent has been released from custody, such application [for amelioration of the conditions under which he may be released] must be made [to an immigration judge] within seven days after the date of such release. Thereafter, application by a released respondent for modification of the terms of release may be made only to the District Director.

As more than 7 days had elapsed since the respondent's release from custody, the immigration judge determined that any request for modification of the terms of release must be made to the District Director with direct appeal to the Board. We conclude that that immigration judge, like the District Director, lacked authority to consider the respondent's request for change in custody status made after his deportation hearing but we do not adopt the rationale relied upon by the immigration judge.

In accordance with the procedures set forth in 8 C.F.R. 242.2, after an initial determination with respect to custody has been made by the

---

the respondent and the Service as required by 8 C.F.R. 242.2(b), the regulation governing the apprehension, custody and detention of aliens. It does not appear, however, that his determination was accompanied by a memorandum setting forth the reasons for the decision as required by the foregoing regulation.

District Director or other Service officer authorized to issue a warrant of arrest, an alien may apply to the District Director or such other designated officer for release or amelioration of the conditions of his release. 8 C.F.R. 242.2(a). Once service of a warrant of arrest or determination of any application pertaining thereto has been made by the District Director or specified Service officer, the alien may either apply to an immigration judge for release or modification of the terms of his custody status or may appeal directly to the Board, depending upon the circumstances of his case. 8 C.F.R. 242.2(a) and (b).

Application to an immigration judge is authorized after an initial determination has been made and at anytime before a deportation order becomes administratively final. If, however, an alien is released from custody, application for change in custody status must be made to the immigration judge within 7 days from the date of release; thereafter, such application can only be entertained by the District Director. 8 C.F.R. 242.2(b). Direct appeal to the Board from a determination of the District Director or other designated officer is authorized only after a deportation order becomes administratively final or where recourse to the immigration judge is no longer available because of the expiration of the 7-day period.[2] 8 C.F.R. 242.2(a) and (b).

The "'7-day rule," then, is jurisdictional, describing a circumstance under which the immigration judge is divested of power to adjudicate an application for change in custody status. However, as the respondent in the present case was still in detention on August 26, 1981, the date he applied for a modification of the terms of his release, and as no final administrative order of deportation had yet been entered in his case, his application was properly considered by the immigration judge who, as noted earlier, did reduce the amount of bond initially set. Under the regulations, the respondent's recourse thereafter lay in an appeal to the Board from the immigration judge's determination and not, as the immigration judge indicated, in a request for amelioration to the District Director with a right of appeal to the Board from that official's determination.

The respondent's appeal to the Board, filed on October 6, 1981, is jurisdictionally defective for lack of timeliness. Subsection (b) of 8 C.F.R. 242.2 requires that an appeal to the Board from a custody determination by an immigration judge be filed within 5 days of the date written notification of that determination is served upon the respondent and the Service. The parties were duly notified of the immigration judge's decision on August 26, 1981.[3] We have decided, however, to assume jurisdic-

---

[2] No appeal, however, shall be allowed when the Service notifies the alien that it is ready to execute the order of deportation and takes him into custody for that purpose. *See generally Matter of Tsoi*, 14 I&N Dec. 205 (BIA 1972).

[3] Our authority to review extends to the immigration judge's decision of August 26,

173

tion over the case by certification as provided in 8 C.F.R. 3.1(c). Turning to the merits of the case, the relief sought by the respondent will be granted.

The respondent, who allegedly began working as a fisherman shortly after his arrival in this country, is the beneficiary of an approved visa petition, according him sixth-preference status as a fisherman, with a priority date of March 18, 1977. A visa number is currently available to the respondent and counsel advises that the respondent's application for an immigrant visa is presently being processed at the United States Embassy in Suva. The respondent has a wife and two children in Tonga.

As a general rule, an alien should not be detained or required to post bond in connection with deportation proceedings unless there is a finding that he is a threat to national security or a poor bail risk. *See generally Matter of Patel*, 15 I&N Dec. 6 (BIA 1976). The Service does not allege that the respondent poses a threat to the security of this country and the record does not support a conclusion that bond is required to prevent the respondent from absconding.

The respondent is now in the process of applying for an immigrant visa at a United States Embassy abroad. There is no suggestion in the record that he is inadmissible under any of the qualitative grounds for exclusion enumerated in section 212(a) of the Immigration and Nationality Act, 8 U.S.C. 1182(a), or is otherwise not entitled to the visa. We consider it highly unlikely that the respondent would jeopardize his chances of gaining readmission to the United States as a permanent resident by failing to depart under the grant of voluntary departure accorded him, thereby rendering himself excludable under section 212(a)(17) of the Act as an alien who has been deported. We conclude that the imposition of bond is not warranted under the circumstances of this case.[4]

We likewise conclude that the imposition of a nonemployment rider is inappropriate in this case. In *Matter of Toscano-Rivas*, 14 I&N Dec. 523 (BIA 1972 and 1973; A.G. 1974), the Attorney General, while finding that the Service had the authority in a proper case to impose a bond condition prohibiting unauthorized employment, expressed concern that there be appropriate substantive safeguards with respect to the imposition of such condition. Promulgation of 8 C.F.R. 103.6(a)(2), which, *inter alia*, sets forth a number of factors to be considered in determining whether a nonemployment rider ought to be imposed, followed in

1981, which addresses the merits of the respondent's application for change in custody status and not, as counsel suggests in the notice of appeal, to the immigration judge's September 25, 1981, decision disclaiming his own jurisdiction over the matter. 8 C.F.R. 242.2(b).

[4] We do not believe the only relevant adverse matter reflected in the record file, the respondent's failure to depart under a pre-hearing grant of voluntary departure, provides a sufficient basis for imposing bond considering the record as a whole.

response to the Attorney General's opinion. A principal concern, manifest in the regulation, is the impact of the alien's employment upon the American labor market. *See* 8 C.F.R. 103.6(a)(2)(i). *See generally Matter of Leon-Perez*, 15 I&N Dec. 239 (BIA 1975).

That concern appears unfounded in the respondent's case. In issuing the respondent a labor certification, a precondition to the filing of his sixth-preference visa petition (*see* 8 C.F.R. 204.1(c)(1)), the Secretary of Labor specifically determined that his employment is not detrimental to the United States labor market. We are satisfied that the imposition of a nonemployment rider is not otherwise justified on the facts of this case. The bond condition against unauthorized employment imposed by the District Director and left in effect by the immigration judge will accordingly be cancelled.

ORDER: The immigration judge's custody determination is reversed.

FURTHER ORDER: The respondent's request for release on his own recognizance is granted.

FURTHER ORDER: The bond condition against unauthorized employment is cancelled.