MATTER OF SIO

In Bond Proceedings

A-23110685

*Decided by Board November 4, 1981*

(1) An immigration judge has authority to consider an application for release or amelioration of the conditions of release from custody after an initial determination with respect to custody has been made by a District Director or other specified officer of the Immigration and Naturalization Service and at anytime before a deportation order becomes administratively final, but if an alien is released from custody, such application must be made to an immigration judge within 7 days from the date of release; thereafter, the application may only be made to a District Director. 8 C.F.R. 242.2(b).

(2) Where the respondent did not avail himself of his regulatory right to submit an application for change in custody status to an immigration judge before the expiration of the 7-day period, jurisdiction over the application rested with the District Director and recourse from the District Director's decision lay in an appeal to the Board of Immigration Appeals, filed within 5 days after service of written notification of that decision. 8 C.F.R. 242.2(a) and (b).

ON BEHALF OF RESPONDENT: William F. Thompson, III, Esquire
Blackfield Hawaii Building
Penthouse Suite
1221 Kapiolani Boulevard
Honolulu, Hawaii 96814

BY: Milhollan, Chairman; Maniatis, Maguire, Morris, and Vacca, Board Members

On September 18, 1981, the District Director denied the respondent's request for amelioration of the conditions for release from custody initially set in his case. The respondent has appealed from that decision. The appeal will be dismissed.

The respondent, a native and citizen of Western Samoa, was released from custody on or about August 19, 1981, upon posting bond in the amount of $2,500; the bond carried a condition prohibiting unauthorized employment. At deportation proceedings conducted on September 15, 1981, the respondent was found deportable as an overstayed nonimmigrant on the basis of his concessions at the hearing and was granted voluntary departure to January 14, 1982, with an alternative order of deportation to Western Samoa in the event of his failure to depart within the time authorized.

On September 16, 1981, the respondent through counsel wrote to the District Director requesting modification of the terms of his custody status, specifically, release on his own recognizance and cancellation of

the "no work rider." In his decision of September 18, 1981, the District Director denied the respondent's request in its entirety, stating the reasons for his determination. The respondent thereupon requested a redetermination hearing before the immigration judge who denied the request for lack of jurisdiction in a decision dated September 25, 1981.

The regulations authorize an immigration judge to consider an application for change in the conditions of an alien's release after an initial determination with respect to custody has been made by the District Director or other specified Service officer and at anytime before a deportation order becomes administratively final. However, if an alien is released from custody, such application must be made to the immigration judge within 7 days of the date of release; thereafter, the application may only be made to the District Director. 8 C.F.R. 242.2(b). *See generally Matter of Vea*, 18 I&N Dec. 171 (BIA 1981).

In the present case, the respondent, who was released from custody in mid-August, did not avail himself of his regulatory right to submit an application for change of custody status to the immigration judge before the expiration of the 7-day period. Accordingly, the immigration judge correctly determined that he lacked jurisdiction over the matter which was instead vested in the District Director with a right of direct appeal to the Board.[1] As previously noted, the District Director had already considered and denied the respondent's application for amelioration of the conditions of his release; under the regulations, the respondent's recourse from the District Director's decision lay in an appeal to the Board. 8 C.F.R. 242.2(a) and (b).

Pursuant to 8 C.F.R. 242.2(b), an appeal to the Board from an appealable determination by a District Director or other designated Service officer must be taken within 5 days of the date written notification of the determination is served upon the respondent and the Service. The record reflects that the parties were notified of the District Director's decision not later than September 21, 1981, the date the respondent submitted his request for a redetermination hearing to the immigration judge. The respondent's notice of appeal to the Board, submitted on October 6, 1981, was untimely filed. Upon careful review of the record, we have decided not to assume jurisdiction over the case by certification as provided in 8 C.F.R. 3.1(c). The respondent's appeal will therefore be dismissed for lack of jurisdiction and the District Director's denial of the respondent's request for change of custody status will be permitted to stand.

ORDER: The appeal is dismissed.

---

[1] Direct appeal to the Board from a determination of the District Director or other designated officer is authorized only after a deportation order becomes administratively final or where recourse to the immigration judge is no longer available because of the expiration of the 7-day period. 8 C.F.R. 242.2(a) and (b). *See generally Matter of Vea, supra.*